UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-cv-20338-RNS

STRIKE 3 HOLDINGS, LLC, a limited liability
company,

      Plaintiff,

v.

JOHN DOE subscriber assigned IP address
66.229.250.107 an individual,

      Defendant.

_____/

**PLAINTIFF'S MOTION FOR LEAVE TO SERVE A
THIRD-PARTY SUBPOENA PRIOR TO RULE 26(f) CONFERENCE**

Pursuant to Fed. R. Civ. P. 26(d)(1), Strike 3 Holdings, LLC ("Plaintiff"), respectfully moves for entry of an order granting it leave to serve a third-party subpoena on Comcast Cable prior to a Rule 26(f) conference (the "Motion") in order to effectuate service on Defendant. Plaintiff is filing the following attached exhibits in support of this Motion: (1) Declaration of David Williamson, Exhibit A; (2) Declaration of Patrick Paige, Exhibit B; and (3) Declaration of Susan B. Stalzer, Exhibit C. Plaintiff is also submitting a proposed order as Exhibit D and pursuant to the Local Rules is separately submitting the proposed order in word format to Chambers. Plaintiff states the following in support of this Motion:

i

**I.     INTRODUCTION**

Plaintiff, Strike 3 Holdings, LLC ("Strike 3" or "Plaintiff") is the owner of original, award winning motion pictures featured on its brand's subscription-based adult websites. Unfortunately, Strike 3's success has led users on the Internet to illegally infringe its works on a very large scale. Indeed, Strike 3's motion pictures are among the most infringed content in the world. *See* Declaration of David Williamson. [hereinafter "Williamson Decl."].

Strike 3, using its proprietary forensic software, VXN Scan ("VXN"), monitored and detected the infringement of Strike 3's content. *See id.* at ¶ 40. VXN discovered that Defendant's IP address was illegally distributing several of Strike 3's motion pictures. *See* Declaration of Patrick Paige. This IP address is assigned to Defendant by his or her Internet Service Provider ("ISP"), which is the only party with the information necessary to identify Defendant by correlating the IP address with John Doe's identity. *Id*. at ¶ 22. As a result, Plaintiff now seeks leave to serve limited, immediate[1] discovery on Defendant's ISP, Comcast Cable (Comcast Cable), in the form of a Rule 45 subpoena, so that Plaintiff may learn Defendant's identity, investigate Defendant's role in the infringement, and effectuate service. Plaintiff will only use this information to prosecute the claims made in its Complaint. Without this information, Plaintiff cannot serve Defendant nor pursue this lawsuit and protect its copyrights.

---

[1] Further impelling expediency, Defendant's ISP only maintains the internal logs of the requested information for a brief period of time. *See, e.g.*, Statement Of Jason Weinstein Deputy Assistant Attorney General Criminal Division Before The Committee On Judiciary Subcommittee On Crime, Terrorism, And Homeland Security United States House Of Representatives, (January 2011) at http://www.justice.gov/sites/default/files/testimonies/witnesses/attachments/01/25/11//01-25-11-crm-weinstein-testimony-re-data-retention-as-a-tool-for-investigating-internet-child-pornography-and-other-internet-crimes.pdf, stating: "Some [ISP] records are kept for weeks or months; others are stored very briefly before being purged."

## II. FACTS

### A. BitTorrent Infringement has a Serious and Damaging Impact on Strike 3

Strike 3 holds title to the intellectual property associated with the *Blacked*, *Blacked Raw*, *Slayed*, *Tushy*, *Tushy Raw*, and *Vixen* adult brands (the "Brands"), including the copyrights to each of the motion pictures distributed through the Brands' sites and the trademarks to each of the Brand's names and logos. Williamson Decl. at ¶ 13. Strike 3 is owned entirely by General Media Systems ("GMS") and has existed since 2015. *Id.*

Although it started out small, the Brands' websites now host approximately 15 million visitors each month. *Id.* at ¶ 14. This success is no fluke. Strike 3's philosophy has always been to pay artists and models an amount above that being paid by other companies, focusing on delivering superior quality films. *Id.* at ¶¶ 15–17. Indeed, Strike 3's motion pictures are known for having some of the highest production budgets of any in the adult industry. *Id.* at ¶ 19.

Because of this commitment to quality, the websites for the Brands have a subscriber base that is one of the highest of any adult sites in the world. *Id.* at ¶ 20. Strike 3 is also currently the number one seller of adult DVDs in the United States. *Id.* at ¶ 21. Finally, Strike 3's content is licensed throughout the world, including by most major cable networks. *Id.* at ¶ 22. This success has led to numerous awards being bestowed upon Strike 3, such as "adult site of the year," "best marketing campaign – company image," and "best cinematography." *Id.* at ¶ 23.

Unfortunately, piracy is a major threat and causes tremendous damage to Strike 3; while Strike 3 "can compete in the industry, . . . [it] cannot compete when our content is stolen." *Id.* at ¶ 26. To continue to provide value for its subscribers, exciting and inspiring projects for adult

2

performers, and to continue to create top paying jobs and growth in the adult community, Strike 3 must protect its copyrights. *Id.* at ¶ 39.

   B. <u>Strike 3 Brings its Litigation in Good Faith</u>

  Strike 3 is mindful of the nature of the litigation and its goal is to not publicly disclose the choices that people make regarding the content they wish to enjoy. Moreover, Strike 3 does not seek to force anyone to settle unwillingly, especially anyone that is innocent. *Id.* at ¶ 33. Strike 3 only files suit against extreme infringers, and only proceeds with amended complaints based on strong evidence. *Id.* at ¶ 34. Indeed, each lawsuit is brought against infringers that not only engage in illegal downloading, but who are also large-scale unauthorized distributors of Strike 3's content. *Id.* Strike 3 does not seek settlements unless initiated by a defendant or a defendant's counsel. *Id.* at ¶ 35. Additionally, Strike 3 does not send demand letters. *Id.* Finally, although certainly Strike 3 does not believe anyone should be embarrassed about enjoying Strike 3's works, Strike 3 respects the desire of defendants to keep private their choices regarding the content they choose to enjoy. Accordingly, Strike 3 has a policy to: (1) enter into confidentiality agreements with defendants to facilitate resolution of a case; and (2) stipulate to requests by defendants for the entry of orders in litigation to maintain the confidentiality of a defendant's identity. In sum, Strike 3 is careful to only proceed to litigation with strong cases, when it has a good faith basis for doing so, so as to enforce its rights in a way that is mindful of the defendant's privacy interests.

  Strike 3 is a successful adult entertainment company that makes nearly all of its revenue from sales of subscriptions, DVDs, and licenses. *Id.* at ¶ 37. Strike 3's goal is to deter piracy, seek redress for its harmful consequences, and direct those who infringe content to the avenue of legitimately acquiring access to Strike 3's works.

### III. ARGUMENT

### A. Legal Standard Governing Expedited Discovery Requests to Identify an Anonymous Defendant

"The Federal Rules of Civil Procedure provide that discovery may commence before the parties have engaged in a discovery conference, if ordered by the court." *Tracfone Wireless, Inc. v. Adams*, 304 F.R.D. 672, 673 (S.D. Fla. 2015) (citing Fed. R. Civ. P. 26(d), (f)). "Federal courts allow parties to conduct expedited discovery in advance of a Rule 26(f) conference where the party establishes 'good cause' for such discovery." *Id.* (collecting cases). Courts in this District routinely grant limited expedited discovery in cases such as this where the plaintiff knows only the defendants' IP addresses.[2]

"Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.,* 208 F.R.D. 273, 276 (N.D. Cal. 2002)).

---

[2] *See e.g.*, *Malibu Media, LLC v. Doe*, No. CV 14-20393, 2014 WL 11958625 (S.D. Fla. July 17, 2014) (Altonaga, J.) (denying defendant's motion to dismiss and motion to quash); *Plastic Movie Ltd. v. Doe*, No. CV 15-60692, 2015 WL 12843767 (S.D. Fla. Apr. 13, 2015) (Bloom, J.) (granting motion for leave to serve a third-party subpoena); *Plastic the Movie Ltd. v. Doe*, No. CV 15-60699, 2015 WL 12843214 (S.D. Fla. Apr. 14, 2015) (same); *Malibu Media, LLC v. John Doe subscriber assigned IP address 66.229.12.94*, No. CV 13-62239, 2013 WL 12145943 (S.D. Fla. Oct. 31, 2013) (Scola, J.) (same); *Plastic the Movie Ltd. v. Doe*, No. CV 15-21303, 2015 WL 12843759 (S.D. Fla. May 29, 2015) (same)*; Manny Film, LLC v. Doe*, No. CV 15-80306, 2015 WL 2411201 (S.D. Fla. May 20, 2015) (same); *Malibu Media, LLC v. Doe*, No. CV 14-23142-KMM, 2014 WL 12605503 (S.D. Fla. Sept. 29, 2014) (same); *Hard Drive Prods., Inc. v. Does 1-32*, No. CV 11-22206, 2011 WL 13223690 (S.D. Fla. Oct. 24, 2011) (denying motion to quash third-party subpoena); *Boy Racer, Inc. v. Doe*, No. CV 12-21099, 2012 WL 12886593 (S.D. Fla. June 15, 2012) (same). Courts across the nation have similarly granted analogous requests for leave seeking similar relief. *See e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 3: CV 17-1680 (CSH), 2017 WL 5001474 (D. Conn. Nov. 1, 2017); *Strike 3 Holdings, LLC v. Doe*, No. CV 17-13300 (KM)(MAH), 2018 WL 783071 (D.N.J. Feb. 8, 2018); *Strike 3 Holdings, LLC v. Doe*, No. CV 18-431-LPS, 2018 WL 1942364 (D. Del. Apr. 25, 2018); *In re Various Strike 3 Holdings, LLC Copyright Infringement Cases*, No. CV 17-6717 (WFK)(CLP), 2018 WL 3404142 (E.D.N.Y. July 11, 2018); *Strike 3 Holdings, LLC v. Doe*, No. CV 17-9654 (AT)(KNF), 2018 WL 1737217 (S.D.N.Y. Mar. 12, 2018); *Strike 3 Holdings, LLC v. Doe*, No. CV 18-777 (JRT/BRT), 2018 WL 2078707 (D. Minn. May 4, 2018); *In re Strike Three Holding, LLC v. Doe*, No. CV 18-00588 (MCE)(GGH), 2018 WL 2949827 (E.D. Cal. June 13, 2018); *Strike 3 Holdings, LLC v. Doe*, No. CV 17-07006-LB, 2017 WL 6594008 (N.D. Cal. Dec. 21, 2017); *Strike 3 Holdings, LLC v. Doe*, No. CV 17-02316(GPC)(KSC), 2018 WL 324264 (S.D. Cal. Jan. 5, 2018); *Strike 3 Holdings, LLC v. Doe*, No. CV 17-2347 (TJK), 2018 WL 385418 (D.D.C. Jan. 11, 2018).

> In *Arista Records, LLC v. Doe 3*, the court found that five factors are relevant to determining whether good cause exists for permission to serve such a subpoena as requested by the instant Motion: (1) whether Plaintiff has made out a prima facie claim of copyright infringement, (2) the specificity of the discovery requested, (3) the absence of alternative means to obtain subpoenaed information, (4) necessity for the subpoenaed information, and (5) Defendant's expectation of privacy.

*Malibu Media, LLC v. Doe*, No. CV 14-61955, 2014 WL 12605556, at *1 (S.D. Fla. Nov. 17, 2014) (citing *Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010) (citing *Sony Music Entm't v. Does 1-40*, 326 F.Supp.2d 556, 564–67 (S.D.N.Y. 2004)). "Plaintiff has established that good cause exists, based on the above-referenced factors, for it to serve a third party subpoena on . . . the Internet Service Provider . . . ." *Id.*; *see e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. CV 3:17-1680 (CSH), 2017 WL 5001474, at *6 (D. Conn. Nov. 1, 2017).

    B.    <u>There Is Good Cause for this Court to Grant Plaintiff's Motion for Leave to Serve Its Subpoena</u>

                1.    *Plaintiff's Complaint Makes A Prima Facie Claim for Direct Copyright Infringement*

To make a *prima facie* claim for copyright infringement, Plaintiff must show (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Plaintiff's Complaint accomplishes this, stating: (1) "Plaintiff is the owner of the Works, which [are] an original work of authorship"; (2) "[d]efendant copied and distributed the constituent elements of Plaintiff's Works using the BitTorrent protocol"; and (3) "[a]t no point in time did Plaintiff authorize, permit or consent to Defendant's distribution of its Works, expressly or otherwise." *See* Complaint at ¶¶ 35–37.

Plaintiff owns a valid copyright in the Works, which are registered with the United States Copyright Office. *See* 17 U.S.C. § 410(c); *see also* Compl. at ¶¶ 31–33. All of Plaintiff's copyrights were registered with the Copyright Office at the time suit was filed. *Fourth Estate*

5

*Pub. Benefit Corp. v. Wall-Street.com, LLC*, __ U.S. __, 139 S. Ct. 881, 886-87 (2019); *see* Compl. Ex. A. Plaintiff's *prima facie* allegations of infringement are attested to by Plaintiff's investigator, David Williamson. *See* Williamson Decl. Finally, each digital file has been verified to be a copy of one of Plaintiff's copyrighted works. *See* Declaration of Susan B. Stalzer.

Plaintiff has also made a plausible prima facie showing of "copying." "'The word 'copying' is shorthand for the infringing of any of the copyright owner's five exclusive rights' described in § 106." *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001). Plaintiff's Complaint alleges that Doe Defendant not only downloaded Plaintiff's works over the BitTorrent network, *see* 17 U.S.C. § 106(1), but also distributed these files to the BitTorrent swarm. *See id.* § 106(3); *see also* Complaint at ¶ 36. "This is sufficient to state a prima facie claim." *Strike 3 Holdings, LLC v. Doe*, No. CV 18-777 (JRT/BRT), 2018 WL 2078707, at *2 (D. Minn. May 4, 2018).

2. *Plaintiff Identifies the Limited and Specific Information Its Subpoena Seeks That Is Necessary to Serve Doe Defendant*

Plaintiff's subpoena is limited and only "seeks concrete and narrow information: the name and address of the subscriber associated with [Doe Defendant's] IP address . . . ." *John Wiley & Sons, Inc. v. Doe*, 284 F.R.D. 185, 190 (S.D.N.Y. 2012). "Courts have labeled the subscriber's identity and address as 'highly specific,' recognizing that Plaintiffs clearly need identification of the putative John Does in order to serve process on them and prosecute their claims . . . ." *Strike 3 Holdings*, No. CV 3:17-1680 (CSH), 2017 WL 5001474 at *3 (citations and internal quotations omitted); *Malibu Media, LLC v. Doe*, No. CV 8:15-2313-T-17EAJ, 2015 WL 12850570, at *1 (M.D. Fla. Nov. 4, 2015) ("Plaintiff's request is specific in that it is limited to basic information such as Doe Defendant's name and addresses."). "Because the subpoena is

6

sufficiently specific, the second principal factor weighs in favor of the Court granting Plaintiff's motion for leave to serve the subpoena." *Strike 3 Holdings*, No. CV 3:17-1680 (CSH), 2017 WL 5001474 at *3.

### 3. There Are No "Alternative Means" to Uncover Doe Defendant's True Identity

At this early stage in litigation, "[t]he only information Plaintiff has regarding Defendant Doe is his IP address." *Id.* at *4. People using the Internet are anonymous to the public, but the ISPs responsible for assigning any given IP address know who an address is assigned to and how to get in contact with them. Since there is no public registry of what IP addresses correspond to which subscribers, Plaintiff's subpoena is necessary to advancing litigation. *See BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, No. CV 16-1972, 2018 WL 650316, at *2 (4th Cir. Feb. 1, 2018) (noting "only the ISP can match the IP address to the subscriber's identity"); *Malibu Media, LLC v. Doe*, No. CV 15-2313-T-17EAJ, 2015 WL 12850570, at *1 (M.D. Fla. Nov. 4, 2015) ("If the information is erased, Plaintiff will be unable to link the IP address to Doe Defendant and pursue its infringement lawsuit.").

There is simply no alternative means by which Plaintiff can identify Doe Defendant absent the present subpoena. Indeed, "BitTorrent software is 'largely anonymous' except insofar as it requires a user to broadcast the user's IP address." *John Wiley & Sons, Inc.*, 284 F.R.D., at 190. "Plaintiff has established that good cause exists for it to serve a third-party subpoena on . . . the ISP identified in the complaint, because a Rule 45 subpoena to John Doe's ISP is the only way in which Plaintiff can identify John Doe and thus move forward with the case." *Malibu Media, LLC v. Doe*, No. CV 13–21579, 2013 WL 2950593, *1 (S.D. Fla. June 14, 2013).

"Moreover, the information the plaintiff seeks is time sensitive as ISPs do not retain user activity logs for an extended duration." *Malibu Media, LLC v. Doe*, No. CV 8:15-2295-T-

24TGW, 2015 WL 12850568, at *1 (M.D. Fla. Oct. 28, 2015). "If the information is erased, Plaintiff will be unable to link the IP address to Doe Defendant and pursue its infringement lawsuit. In situations where 'time is of the essence,' courts have found good cause to grant expedited discovery." *Malibu Media*, No. CV 8:15-2313-T-17EAJ, 2015 WL 12850570 at *1 (citing *Arista Records LLC v. Does 1–7*, No. CV 3:08–18(CDL), 2008 WL 542709, at *1 (M.D. Ga. Feb. 25, 2008) (citation omitted)).

        4.        *The Subpoenaed Information Is Necessary to Advance Plaintiff's Infringement Claim*

As previously emphasized, Plaintiff cannot properly serve Doe Defendant without first ascertaining the subscriber's identity from his or her ISP. As one court aptly framed it: "Ascertaining the identities and residences of the Doe defendants is critical to plaintiffs' ability to pursue litigation, for without this information, plaintiffs will be unable to serve process." *Sony Music Entm't*, 326 F. Supp. 2d at 566. "Because learning the true identities of the pseudonymous individuals alleged to have violated Plaintiffs' copyrights is essential to their prosecution of this litigation, Plaintiffs have demonstrated their need for expedited discovery." *Arista Records*, 589 F. Supp. 2d at 153. "[W]ithout identifying Doe Defendant, Plaintiff cannot issue a summons and serve Doe Defendant in this lawsuit. Without participation by Doe Defendant, there can be no meaningful Rule 26(f) conference." *Malibu Media*, No. CV 8:15-2313-T-17EAJ, 2015 WL 12850570 at *2.

        5.        *Defendant's Minimum Privacy Interest Is Substantially Outweighed by Plaintiff's Interest in Protecting Its Copyrights from Mass BitTorrent Infringers*

"[T]here is no expectation of privacy in 'subscriber information provided to an internet provider,' such as an IP address." *Strike 3 Holdings*, No. CV 3:17-1680 (CSH), 2017 WL 5001474 at *5 (citation omitted); *see also Sony Music Entm't Inc.*, 326 F. Supp. 2d at 566–67

8

(noting Plaintiffs are "entitled to discovery in light of" this minimal interest). "Although the Eleventh Circuit has not addressed whether the Fourth Amendment protects IP addresses,[3] other courts of appeal have held that it does not." *Levinson v. United States*, No. CV 14-81244, 2016 WL 5408165, at *2 (S.D. Fla. Sept. 28, 2016), *certificate of appealability denied*, No. CV 16-17548, 2017 WL 6760762 (11th Cir. May 11, 2017) (collecting cases). Indeed, courts throughout this Circuit have held that "Defendant does not have a reasonable expectation of privacy in [his or her] IP address . . . ." *United States v. Ryan Anthony Adams*, No. CR 6:16-11-ORL-40GJK, 2016 WL 4212079, at *4 (M.D. Fla. Aug. 10, 2016); *see also id.* at *3 ("Computer users lack a legitimate expectation of privacy in information regarding the to and from addresses for emails, the IP addresses of websites visited, the total traffic volume of the user, and other addressing and routing information conveyed for the purpose of transmitting Internet communications to or from a user."). Here, Plaintiff's central need for the subpoenaed for information, combined with its strong claim, substantially favors good cause. *See Arista Records*, 604 F.3d at 124 (finding Doe Defendant's "expectation of privacy for sharing copyrighted [works] through an online file-sharing network as simply insufficient to permit him to avoid having to defend against a claim of copyright infringement.").

As to free speech concerns, "[i]n cases where parties have argued that the First Amendment protected their anonymous speech in using their IP addresses, the Second Circuit has held that copyright infringers are not entitled to shield their identities from those who seek to enforce their claims under copyright law." *Strike 3 Holdings*, No. CV 3:17-1680 (CSH), 2017 WL 5001474 at *6 (listing examples). "[T]he Doe Defendant's First Amendment right to remain

---

[3] For a discussion on how IP address connect to and route Internet traffic, *see generally United States v. Steiger*, 318 F.3d 1039, 1042 (11th Cir. 2003) and articles cited within.

9

anonymous must give way to Plaintiff's right to use the judicial process to pursue its allegedly meritorious copyright infringement claim. Moreover, the Doe Defendant lacks the right under the Fourth Amendment to protect his IP address from revelation, where he has voluntarily shared such information with the Internet Service Provider. Plaintiffs will be granted leave to take early discovery to determine the identity of Defendant Doe." *Id.* "'[C]ourts routinely find the balance favors granting a plaintiff leave to take early discovery' of the materials sought by the Plaintiffs here." *Arista Records*, 589 F. Supp. 2d 151 at 153 (*quoting UMG Recordings, Inc. v. Doe*, No. CV 08–1193, 2008 WL 4104214, at *4 & n. 3 (N.D. Cal. Sept. 3, 2008)).

    C.    Protective Order

In some BitTorrent cases involving adult content, courts have found it appropriate to issue a protective order establishing procedural safeguards such as allowing a defendant to proceed pseudonymously. *See Manny Film*, No. CV 15-507-T-36EAJ, 2015 WL 12850566 at *2 (employing various safeguards); *see also Strike 3 Holdings, LLC v. Doe*, 2019 WL 78987 at *1 (employing safeguards including allowing the defendant to proceed pseudonymously). To that end, Plaintiff respectfully encourages the Court to establish procedural protections it deems appropriate.

**IV.    CONCLUSION**

For the foregoing reasons, Strike 3 respectfully requests this Court grant leave to Strike 3 to issue a Rule 45 subpoena to Defendant's ISP.

/ / /

/ / /

**LOCAL RULE 7.1(a)(3) CERTIFICATION**

As explained in the foregoing Motion, Defendant is known only by an IP Address. Because undersigned counsel does not know Defendant's identity, undersigned could not confer with Defendant in accordance with Local Rule 7.1(a)(3) prior to filing this Motion.

Dated: 02/20/2023

                                                            Respectfully submitted,

**SMGQ LAW**

By: /s/ *Rachel E. Walker*
Rachel E. Walker, Esq.
Florida Bar No.: 111802
1200 Brickell Ave, Suite 950
Miami, FL 33131
Tel.: 305-377-1000
Fax: 855-327-0391
Email: RWalker@smgqlaw.com
*Attorneys for Plaintiff*

**MAMONE VILLALON**

By: /s/ *Tyler A. Mamone*
Tyler A. Mamone, Esq.
Florida Bar No.: 111632
Yetian Wang, Esq.
Florida Bar No.: 1025778
100 SE 2nd St., Suite 2000
Miami, Florida, 33131
Tel: (786) 209-2379
Email: Tyler@mvlawpllc.com
Email: Yetian@mvlawpllc.com
*Attorneys for Plaintiff*